UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | C/A No. 5:16-cv-02648-RMG-KDW |
|           Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Mr. Bittinger, and | ) | |
| Mr. Charles West, | ) | |
|           Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

Bobby Jenkins ("Plaintiff") is incarcerated at Evans Correctional Institution ("Evans"), part of the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint filed in this case, Plaintiff alleges that his constitutional rights were violated by the prosecution and hearing on disciplinary violation charges arising from a March 1, 2016 incident between Plaintiff and personnel at Evans. According to SCDC online records, the subject charges that resulted in convictions were: assault and battery of an employee, etc. with intent to kill/injure and striking an employee with/without a weapon. *See* http://public.doc.state.sc.us/scdc-public/ (last consulted Aug. 24, 2016).[1] Plaintiff asserts that Defendants committed racial discrimination in the hearing process

---

[1] The SCDC online records show multiple convictions with a March 1, 2016 incident date. Plaintiff only references the assault-and-battery and striking convictions. The other convictions arising from the March 1 incident were: threatening to inflict harm on employee (2 charges); inciting/creating a disturbance; and possession or attempt to possess a cell phone. The records show

and violated SCDC policy by imposing two convictions for the same incident with the same employee and by "stacking" the charges against Plaintiff. Compl. 5, ECF No. 1. Plaintiff acknowledges in his Answers to the Court's Special Interrogatories, ECF No. 11, and the SCDC online records disclose that part of the sanctions for each of these disciplinary violation convictions was loss of accrued good-time credits. *See* http://public.doc.state.sc.us/scdc-public/ (last consulted August 24, 2016). Plaintiff asks this court for a declaratory judgment, injunctive relief in the form of removal from segregated housing, and compensatory and punitive damages. ECF No. 1 at 11-12.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim

---

that good-time credits were taken as part of the sanctions for all of the convictions. http://public.doc.state.sc.us/scdc-public/ (last consulted Aug. 24, 2016).

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

The Complaint in this case should be summarily dismissed because Plaintiff's claims are not properly considered under 42 U.S.C. § 1983.[2] Plaintiff's allegations against both Defendants relate to their participation in the filing and prosecution of disciplinary-violation charges that resulted in convictions and loss of good-time credits along with other sanctions. As a result, Plaintiff's claims against Defendants are not properly raised in this § 1983 action because it is settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). *Cf. Muhammad v. Close,* 540 U.S. 749, 755 (2004) (§ 1983 may be used to challenge disciplinary procedures where no accrued/earned good-time credits are taken as a sanction). The holdings of *Heck* and *Preiser*, insofar as applicable to challenges to prison disciplinary procedures under which forfeited good-time credits may be restored were confirmed by the United States Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). Referencing both

---

[2] Plaintiff's claims for damages and other relief allegedly arising from the conditions of his confinement within South Carolina state prisons are properly considered by this court under its federal-question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badges of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

*Heck* and *Preiser*, along with *Edwards v. Balisok,* 520 U.S. 641 (1997) and *Wolf v. McDonnell*, 418 U.S. 539 (1974), the *Wilkinson* Court stated,

> These cases . . . taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.
>
> . . . .
>
> Thus, in *Preiser* we held the prisoners' § 1983 action barred because the relief it sought – restoration of good-time credits, which would shorten the prisoners' incarceration and hasten the date on which they would be transferred to supervised release – was available in habeas.

544 U.S. at 82, 86 (citations omitted); *see, e.g., Cabbagestalk v. Hardin*, No. 5:13-cv-2974-RMG, 2014 WL 2881930 (D.S.C. June 25, 2014) (§ 1983 challenge to prison disciplinary process barred by *Heck*); *Battle v. Eagleton*, 8:07-cv-1841-GRA-BHH, 2008 WL 2952349, at *5 (D.S.C. July 28, 2008) ("A prisoner cannot bring a § 1983 action challenging a disciplinary proceeding resulting in the loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed, unless the disciplinary action was previously invalidated.").

Furthermore, even if Plaintiff's Complaint were not barred by *Heck v. Humphrey* and *Wilkinson v. Dodson*, Plaintiff's allegations about Defendants' supposed violations of SCDC policy regarding charge "stacking" fail to state a plausible § 1983 due-process claim. An allegation that an SCDC defendant did not follow the institution's policies or procedures, standing alone, does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978) (IRS agent failed to follow IRS rule re: electronic surveillence; no exclusionary rule in criminal action); *see also Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies

which fail to reach the level of a constitutional violation are not actionable under § 1983; no obligation to be found guilty of crime before going to administrative segregation). A liberty interest is required to state a plausible due-process claim arising from an asserted violation of the policy. *See Berrier*, *v. Allen*, 951 F.2d 622, 224 (4th Cir. 1991) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). Here, Plaintiff's allegations show "neither the substantive predicates nor explicitly mandatory language" in the subject policy required to establish a liberty interest. *Berrier v. Allen*, 951 F.2d at 625 (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-63 (1989)).

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

September 1, 2016                                                    Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).