IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby C. Jenkins, | ) |
|       Plaintiff, | ) No: 5:16-cv-02648-RMG |
| v. | ) **ORDER** |
| Mr. Bittinger and Mr. Charles West, | ) |
|       Defendants. | ) |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 15). The Magistrate Judge recommends dismissing Plaintiff's 42 U.S.C. § 1983 action without prejudice. For the reasons set forth below, the Court **ADOPTS** the R & R as the order of the Court.

Plaintiff is incarcerated at Evans Correctional Institution ("Evans"), part of the South Carolina Department of Corrections ("SCDC") prison system. (Dkt. No. 1). Plaintiff brought this 42 U.S.C. § 1983 action *pro se* on July 26, 2016. (*Id.*). In Plaintiff's Complaint, he alleges his constitutional rights were violated when he received disciplinary charges following a March 1, 2016 incident between Plaintiff and Evans' personnel. Plaintiff asserts that Defendants racially discriminated in the disciplinary hearing and violated SCDC policies by imposing two convictions for the same incident, stacking charges, and holding Plaintiff after his lock-up time has expired. (Dkt. No. 1 at 9-10). Plaintiff seeks a declaratory judgment, injunctive relief in the form of release from segregation, compensatory, and punitive damages. (Dkt. No. 1 at 11).

Defendants are alleged employees of Evans. Defendant Bittinger allegedly imposed two convictions on the Plaintiff regarding the same incident and discriminated against Plaintiff. (Dkt. No. 1 at 4-5). Defendant West allegedly stacked charges against Plaintiff and violated

1

SCDC prison policies. (*Id.*). The Magistrate Judge issued an R & R recommending this Court dismiss Plaintiff's Complaint without prejudice, as this matter has been improperly brought as a § 1983 action. (Dkt. No. 15). Plaintiff has not filed any objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Court, having reviewed the complaint and the R & R, finds no clear error, and agrees with and adopts the R & R as the order of the Court. Accordingly, the Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

October 20, 2016
Charleston, South Carolina

2